IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERTO ROSADO | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| TROY LEVI, ET AL | : | NO. 06-cv-5479 |

Gene E.K. Pratter, J.                                                                                          May 15, 2007

**<u>MEMORANDUM AND ORDER</u>**

Defendant Roberto Rosado was indicted on charges of alleged violations of federal law to which he pleaded guilty on December 1, 2005 in Criminal Action No. 05-cr-044-12. On August 16, 2006 Mr. Rosado moved to withdraw his guilty plea. The Court denied the motion on November 9, 2006 following a hearing. Thereafter, on December 15, 2006, Defendant Rosado filed a document with this Court apparently seeking relief pursuant to 28 U.S.C. § 2241. The Clerk docketed that filing at Civil Action No. 06-cv-5479. Mr. Rosado was sentenced in 05-cr-044-12 on January 31, 2007. He promptly appealed his conviction and sentence. Mr. Rosado's appeal is now pending in the Court of Appeals for the Third Circuit.

Accordingly, at the present time this Court lacks jurisdiction over Mr. Rosado's Civil Action No. 06-cv-5479.[1]

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§ 2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. The text of 28 U.S.C. § 2255 itself says that § 2255 petitions can only be filed after the sentence is imposed; accordingly, even if a petitioner has been convicted in federal court, before imposition of sentence a prisoner may not file a § 2255 petition attacking that federal conviction. Prior to sentencing, only a § 2241 petition is permitted.

At the time Mr. Rosado filed his petition on December 15, 2006, he had been convicted, but he had not yet been sentenced; accordingly, his petition was treated by the Clerk of this Court as a § 2241 petition. However, because sentence was imposed on Mr. Rosado on January

Therefore, this 15th day of May, 2007, it is hereby **ORDERED** that:

1. Leave is granted Mr. Rosado nunc pro tunc to proceed in forma pauperis for the purpose of all proceedings in this Court and also for purpose of the filing of a notice of appeal;

2. This civil action is **DISMISSED WITHOUT PREJUDICE** due to the Court's lack of jurisdiction.

3. The Clerk is directed to mark this case CLOSED for all purposes, including statistics.

                                                              BY THE COURT:

                                                              S/Gene E.K. Pratter
                                                              Gene E.K. Pratter
                                                              *United States District Court Judge*

---

31, 2007, and because he attacks the constitutionality of his guilty plea conviction, it is appropriate to view Mr. Rosado as now seeking relief that is only available to him pursuant to 28 U.S.C. § 2255.  Okereke v. United States, 307 F.3d 117 (3rd Cir. 2003); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001); United States v. Dorsainvil, 119 F.3d 245 (3rd Cir. 1997).  Nonetheless, Mr. Rosado's currently pending appeal divests this Court of jurisdiction over his petition.